OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 26, 1999

The Honorable Judith Zaffirini
Chair, Human Services Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0005

Re: Purchase of vehicles by Laredo Police Department with forfeiture funds received pursuant to article 59.06(c) of the Code of Criminal Procedure (RQ-1160)

Dear Senator Zaffirini:

You have asked this office to consider the question of the purchase of vehicles by the Laredo Police Department from forfeiture funds distributed to it pursuant to article 59.06 of the Code of Criminal Procedure. As we understand it from a brief prepared by the Laredo City Attorney's office which you submitted with your request, two related questions are at issue here. First, may the Laredo City Council require the police department to purchase vehicles from such forfeiture funds? Second, and more fundamentally, may such funds be used to purchase vehicles at all?

Following Attorney General Opinion DM-72, we answer the first question in the negative. The purposes for which such funds are to be spent are generally to be determined by the law enforcement agency to which they are distributed, not by the governing body of the city. As to the second question, based on the relevant legislative history, we conclude that the police department may, if it so chooses, use forfeiture funds to purchase vehicles. In short, the police department may expend the funds for this purpose, but the city council cannot compel it to do so.

As we understand it, the Laredo City Council has for at least the last five years declined to purchase vehicles from the city's general revenue fund, but has instead directed the police chief to purchase them from funds and property forfeited as contraband–generally, we assume, funds and property seized in narcotics investigations. The first question, therefore, with respect to article 59.06 forfeiture funds is whether the governing body of the city may direct or restrict the use of such funds.

Essentially the same question was posed to and answered by this office in Attorney General Opinion DM-72. In that case, the question was whether the Dallas City Council had "authority to determine the purposes for which funds distributed to the Dallas Police Department pursuant to the asset forfeiture law, chapter 59 of the Code of Criminal Procedure, [were] to be spent." Tex. Att'y Gen. Op. No. DM-72 (1991) at 1.

The opinion concluded that with the single exception of funds earmarked by article 59.06(h) for the city to spend on certain drug abuse prevention, treatment, and rehabilitation programs, asset forfeiture funds distributed under article 59.06 generally were under the control of the law enforcement agency to which they had been awarded. That being the case, the disposition of such funds was a matter for the police department, and not for the city council: "[I]t is our opinion that it is the law enforcement agency to which funds are distributed under article 59.06, and not the governing body of the city, that has the authority to determine the law enforcement purposes for which such funds are to be spent." *Id.* at 4.

Following Attorney General Opinion DM-72, then, we conclude that the Laredo City Council may not compel the Laredo Police Department to purchase vehicles from asset forfeiture funds distributed to it pursuant to article 59.06 of the Code of Criminal Procedure.

While we agree, therefore, with the view taken by the Laredo City Attorney's office of the first question presented, we do not agree with its contention that the police department, even if it wishes to, may not expend these funds to purchase vehicles. The argument in the brief you have submitted to us rests upon a reading of article 59.06(c)(2). While that reading is to some degree persuasive in the abstract, in our view it is confuted by the legislative history of article 59.06(c)(2).

Article 59.06(c)(2) mandates that in the event that there is a local agreement for distribution of forfeiture funds to a municipal law enforcement authority, such funds are

> to be used solely for law enforcement purposes, such as salaries and overtime pay for officers, officer training, specialized investigative equipment and supplies, and items used by officers in direct law enforcement duties.

TEX. CODE CRIM. PROC. ANN. art. 59.06(c)(2) (Vernon Supp. 1999).

The city attorney's brief notes correctly that the enumerating clause modifying "law enforcement purposes" appears only in the subsection dealing with municipal law enforcement agencies and is not to be found in subsection (c)(3) covering county agencies, or in subsection (c)(4) concerning state agencies. Employing the rule of *ejusdem generis,* the brief argues that the enumerated purposes are not of such a kind that the purchase of vehicles may be included among them.

This argument has some merit in the abstract. We would agree that vehicles are not substantially similar to salaries, training, or specialized equipment. However, this argument is belied by the legislative history of article 59.06.

Article 59.06(c) was amended by the Seventy-second Legislature in 1991. The amendments were contained in House Bill 1185. As passed by the House of Representatives, the restrictive language at issue here was yet more straitened and specifically forbade vehicle purchases, adding to the present statutory language the words "but not for the purchase of facilities, vehicles, office

supplies, or office equipment." This language was struck in the Senate. A colloquy at a public hearing of the Senate Committee on Criminal Justice on May 14, 1991, establishes the context.

Senator Eddie Lucio proposed the striking of this language, saying, "Police chiefs will sign off on this bill if we did that." Testifying on the matter was Mr. James McCarley, the Vice President of the Texas Police Chiefs Association. Mr. McCarley said, "We do support the bill with the amendment Senator Lucio's [proposed] to make sure there's no exclusion about the use of the other funds." He was thereupon questioned by Senator Lyon, the chairman, as follows:

> Chair: What you're worried about is "but for . . . ."

> McCarley: Which would exclude use of . . . .

> Chair: Facilities, vehicles, et cetera. Okay . . . .

> McCarley: And that's a common use, as you well know, in narcotics and undercover operations.

> Chair: All right.

*Hearings on Tex. H.B. 1185 Before the Senate Comm. on Criminal Justice,* 72d Leg., R.S. (May 14, 1991) (audio tape available from Senate Staff Services Office).

The evidence of this colloquy and the consequent excision of the clause in question indicate the legislature's intent that forfeiture funds may be used for the purchase of vehicles. While it might appear, based on this exchange, that the vehicles the legislature had in mind were of the sort used in undercover narcotics operations rather than the traditional police cruiser or squad car, we do not believe that the purchase of a squad car is barred as a matter of law given the discretion vested in the law enforcement agency under chapter 59. Any such purchase is, as we have said, a decision for the police department, and not the city council, to make.

## S U M M A R Y

The Laredo City Council has no authority to require the Laredo Police Department to purchase vehicles with forfeiture funds distributed to it pursuant to article 59.06 of the Code of Criminal Procedure. The Laredo Police Department may, however, purchase vehicles from such funds should it wish to do so.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General